```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF MASSACHUSETTS
_____
                                )
HUGO ASAMOAH,                   )
                                )
          Plaintiff,            )
                                )
          v.                    )    CIVIL ACTION
                                )    NO. 14-10322-WGY
WELLS FARGO BANK, et al.,       )
                                )
          Defendant.            )
_____)
```

MEMORANDUM AND ORDER

YOUNG, D.J.                                          June 19, 2014

For the reasons set forth below, the Court grants the plaintiff's motion for leave to proceed in forma pauperis and directs the plaintiff to show cause why this action should not be dismissed for lack of subject matter jurisdiction.

**I.  Background**

State inmate Hugo Asamoah brings this action in which he claims that Wells Fargo Bank and foreclosure attorneys violated state and federal law by foreclosing on his property.  According to the complaint, the plaintiff requested a loan modification and was told by Wells Fargo Bank ("Wells Fargo") that he would be eligible if he paid an increased payment for three months.  Asamoah alleges that he made such payments in a timely fashion but thereafter Wells Fargo increased, rather decreased, his monthly payment.  The plaintiff further alleges that, when the plaintiff became incarcerated in 2009, Harmon & Harmon Law Group ("Harmon & Harmon"), evicted his tenants, making it impossible for him to pay the mortgage.  Thereafter, Wells Fargo allegedly

foreclosed on his home without any notice to him.

Asmoah names as defendants Wells Fargo, Harmon & Harmon, and "other John Doe Defendants." He alleges that Wells Fargo violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p ("FDCPA") and the Home Owners Loan Act, 12 U.S.C. §§ 1461-1470 ("HOLA"), and state law by refusing to enter into a loan modification agreement with the plaintiff. Asmoah also brings a claim against Wells Fargo and Harmon and Harmon "acting jointly" for violating, FDCPA, HOLA, and state law. The complaint also includes a separate claim against Harmon & Harmon for "negligent misrepresentation."

## II. Discussion

### A. Motion for Leave to Proceed In Forma Pauperis

Upon review of the plaintiff's motion for leave to proceed in forma pauperis, the Court concludes that he is without income or assets to pay the filing fee. The motion is therefore granted. Pursuant to 28 U.S.C. § 1915(b)(1), an initial partial filing fee of $18.00 is assessed. The remainder of the fee, $332.00, will be collected in accordance with 28 U.S.C. 1915(b)(2).

### B. Screening of the Complaint

#### 1. Court's Authority to Screen the Complaint

When a plaintiff seeks to file a complaint without prepayment of the filing fee, summonses do not issue until the Court reviews the complaint and determines that it satisfies the substantive requirements of 28 U.S.C. § 1915. This statue

authorizes federal courts to dismiss a complaint sua sponte if the claims therein are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(b). In conducting this review, the Court liberally construes the complaint because the plaintiff is proceeding pro se. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972). However, the plaintiff's obligation to provide the grounds of his claim "requires more than labels and conclusions." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). A court is not "bound to accept as true a legal conclusion couched as a factual allegation," and "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id. (quoting in part Papasan v. Allain, 478 U.S. 265, 286 (1986)); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("Threadbare recitals of a cause action, supported by mere conclusory statements, do not suffice.").

Further, a court has an obligation to inquire sua sponte into its own subject matter jurisdiction. See McCulloch v. Velez, 364 F.3d 1, 5 (1st Cir. 2004). Federal courts are of limited jurisdiction, "and the requirement of subject-matter jurisdiction 'functions as a restriction on federal power.'" Fafel v. Dipaola, 399 F.3d 403, 410 (1st Cir. 2005) (quoting Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 702 (1982)). "The existence of subject-matter jurisdiction 'is never presumed.'" Fafel, 399 F.3d at 410

3

(quoting Viqueira v. First Bank, 140 F.3d 12, 16 (1st Cir. 1998)). Rather, federal courts "must satisfy themselves that subject-matter jurisdiction has been established." Id. "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Federal district courts may exercise jurisdiction over civil actions arising under federal laws, see 28 U.S.C. § 1331 ("§ 1331"), and over certain actions in which the parties are of diverse citizenship and the amount in controversy exceeds $75,000, see 28 U.S.C. § 1332 ("§ 1332"). Where a party seeks to invoke the jurisdiction of a federal district court under § 1332, the parties must be of complete diversity. See Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996). Complete diversity does not exist where any defendant and any plaintiff are citizens of the same state. See id.

**2. Lack of Subject Matter Jurisdiction**

**a. Federal Question Subject Matter Jurisdiction**

Here, federal question subject matter jurisdiction does not exist under § 1331 because Asamoah has not stated a claim under federal law. Although the plaintiff has invoked FDCPA and HOLA, no claim exists under these statutes under the facts alleged.

The FDCPA prohibits certain conduct by "debt collectors." However, FDCPA's definition of a debt collector excludes "any person collecting or attempting to collect any debt owed or due another to the extent such activity . . . concerns a debt which

was originated by such person . . . or concerns a debt which was not in default at the time it was obtained by such person." 15 U.S.C. § 1692a(6)(F).[1] Nothing in the complaint suggests that Wells Fargo is a "debt collector" within the meaning of the statute; it was collecting its own debt. See 15 U.S.C. § 1692a(6); Montgomery v. Wells Fargo Bank, N.A., 459 Fed. Appx. 424, 428 n.1 (5th Cir. 2012); Brush v. Wells Fargo Bank, N.A., 911 F. Supp. 2d 445, 477-78 (S.D. Tex. 2012); Burns v. Bank of America, 655 F. Supp. 2d 240, 254 (S.D.N.Y. 2008).

In regards to Harmon & Harmon Law Group, even if the Court were to assume that the law firm was a "debt collector" within the meaning of the FDCPA, the plaintiff has not alleged facts from which the Court may reasonably infer that this defendant violated the statute. The only factual allegation that Asamoah made against Harmon & Harmon was that the law firm evicted his tenants, making it impossible for him to fulfill his loan agreement payments. The plaintiff does not explain how this conduct constituted the unfair collection of a debt.

Further, it appears that any claim under FDCPA would be time-barred by the statute's one-year period of limitations. See 15 U.S.C. § 1692k(d).

Finally, no claim exists under HOLA because the statute does

---

[1] This exclusion does not apply to "any creditor who, in the process of collecting his own debt, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts." 15 U.S.C. § 1962a(6). Under the facts alleged, this exception does not apply to this case.

5

not provide for a private right of action. See In re Ocwen Loan Servicing, LLC Mortg. Servicing Litigation, 491 F.3d 638, 643 (7th Cir. 2007); Taylor v. Citizens Fed. Sav. & Loan Ass'n, 846 F.2d 1320 (11th Cir. 1988); Dixon v. Wells Fargo Bank, N.A., 798 F. Supp. 2d 336, 360 (D. Mass. 2011).[2]

### b. Diversity Subject Matter Jurisdiction

Because the plaintiff and Harmon & Harmon Law Group are residents of Massachusetts, diversity subject matter jurisdiction under § 1332 does not exist.

### ORDER

Accordingly:

1. The motion (#2) for leave to proceed in forma pauperis is GRANTED. Pursuant to 28 U.S.C. § 1915(b)(1), an initial partial filing fee of $18.00 is assessed. The remainder of the fee, $332.00, will be collected in accordance with 28 U.S.C. 1915(b)(2). The Clerk shall send a copy of this order to the treasurer of the institution having custody of the plaintiff.

2. If Asamoah wishes to pursue this action, he must, within forty-two (42) days of the date of this order, show cause in writing (through the submission of an amended complaint or legal memorandum) why this action should not be dismissed for

---

[2]HOLA does provide for a private right of action to prevent "tying" arrangements. See 12 U.S.C. § 1464(q)(2), (3). These are arrangements that "extend credit . . . or furnish any service . . . on the condition or requirement ... that the customer obtain [or provide] additional credit, property or service from such" savings and loan. 12 U.S.C. § 1464(q)(1). This portion of HOLA is inapplicable to the facts alleged by Asamoah.

6

lack of subject matter jurisdiction.  Failure to comply with this directive will result in dismissal of this action.

    3.    The motion (#3) for appointment of counsel is denied without prejudice.  If summonses later issue, the plaintiff may renew his motion after the complaint has been served and the defendants have responded to the complaint.

    4.    The motion (#4) for waiver of fees and costs and for service by certified mail is denied.  If summonses later issue, the plaintiff may opt to have service completed by the United States Marshals Service, with all costs advanced by the United States.

SO ORDERED.

                              /s/ William G. Young  
                              WILLIAM G. YOUNG  
                              UNITED STATES DISTRICT JUDGE